**Thomas WALLACE, Plaintiff,**

v.

**O.C. TANNER RECOGNITION CO., O.C. Tanner Sales Co., and O.C. Tanner Co., Defendants.**

**No. 99–12374–REK.**

United States District Court, D. Massachusetts.

Oct. 11, 2001.

Bradford J. Smith, Goodwin Procter LLP, David Rapaport, Lisa J. Bradford, Rapaport & Rapaport, Boston, MA, for plaintiff.

Scott C. Moriearty, Bingham, Dana & Gould, Mark W. Batten, Bingham Dana LLP, Boston, MA, for defendants.

### Memorandum and Order

KEETON, District Judge.

### I. Pending Motion

Pending is a Motion for Summary Judgment (Docket No. 30) filed by Defendants on July 12, 2001. Defendants filed along with the Motion a Memorandum in Support (Docket No. 31) and a Statement of Material Facts Not in Dispute (Docket No. 32). On August 8, 2001, Plaintiff filed an Opposition to the Motion for Summary Judgment (Docket No. 35) with Appendix (Docket No. 36), accompanied by an Opposition to Defendants Statement of Material Facts Not in Dispute (Docket No. 33) as well as Plaintiff's own Statement of Undisputed and Disputed Facts (Docket No. 34). Defendants filed a Reply Brief (Docket No. 37, filed August 22, 2001). The court heard oral argument on September 20, 2001 and again on October 4, 2001.

### II. Relevant Procedural and Factual Circumstances

This motion for summary judgment was initiated by defendant, O.C. Tanner, and seeks a dismissal on both state and federal claims made by plaintiff, Mr. Wallace. Plaintiff alleged in his Amended Complaint (Docket No. 16, filed September 8, 2000) that,

> 10. Tanner terminated Wallace because of his age in violation of M.G.L. Chapter 151B, Sec. 4(1B) and 29 U.S.C. § 621 et. seq. Tanner knew or had reason to know that its acts violated both of the foregoing statutes, and violated the statutes willfully.

Amended Complaint at 3.

Plaintiff did not make any further allegations in support of his claims in the Amended Complaint. The claims were more fully described in Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment (Docket No. 35, filed August 8, 2001). Plaintiff alleges:

> Mr. Wallace, age 53, and one of the top performers at Tanner, was Regional Manager of the Boston Region. Ten years previously, he had hired a talented "second-in-command" named Douglas Mercer, trained Mr. Mercer in the business, and turned many of his best customers over to Mr. Mercer. Mr. Mercer was 20 years younger than Mr. Wallace.

Tanner very much wanted to retain Mr. Mercer, and repeatedly asked Mr. Wallace when he was going to retire, in an effort to make room for Mr. Mercer. Mr. Wallace said he intended to stay at Tanner until age 65. Mr. Mercer did not wish to leave New England and thus Tanner feared it would lose him unless it got rid of Mr. Wallace.

To accomplish the termination, Tanner presented Mr. Wallace with a list of 8 demands in August of 1996. Tanner was fairly sure he would not accept these demands, and was prepared to terminate him or force him to quit. Mr. Wallace surprised Tanner by agreeing to everything. Frustrated, Tanner then heard from a disgruntled employee of Mr. Wallace named Patricia Prew that Mr. Wallace was spending most of his time on a real estate project and had stopped functioning in the Region. Tanner uncritically accepted these outlandish charges at face value and "corroborated" them by a telephone call to Douglas Mercer, the man who stood to gain Mr. Wallace's job if Mr. Wallace were fired.

Tanner then fired Mr. Wallace without giving him any chance to explain. Had they done so, they would have learned that Mr. Wallace was working long hours on Tanner business and spending a relatively small amount of his time on the real estate project. It took very little analysis of Ms. Prew's charges to realize that they came from an employee who was angry at Mr. Wallace for not raising her pay, and who had no basis whatsoever to know what Mr. Wallace was doing with his time since he was "on the road" for Tanner 3 days a week, worked in a private office, and put in many hours at night, early in the morning, and on weekends. Mr. Mercer, like Ms. Prew, had no basis for his own beliefs about how hard Mr. Wallace was working since he himself was out of the office 3 days a week and unaware of what time Mr. Wallace was spending on Tanner business. Mr. Mercer, of course, had the most to gain if Mr. Wallace was to be fired.

Memorandum in Opposition at 4–6.

I will consider the claim under federal law first. I do so because I have determined that resolution of this claim will lead to the same conclusion under the very similar state law claim. *See* Part II, below. Plaintiff's federal claim is governed by federal statutory law enacted as part of the Age Discrimination in Employment Act of 1967. The applicable provision is encoded at 29 U.S.C. § 623(a) and states that it is "unlawful" for an employer:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1).

Before a third legal test came to be recognized, courts had applied one of two tests to determine whether a plaintiff had met the plaintiff's burden to withstand summary judgment. These two tests were the "mixed motive" and "pretext" tests. If "direct" evidence of discriminatory animus was presented by a plaintiff, the "mixed motive" analysis ordinarily applied, and it was relatively easy for a plaintiff to survive summary judgment. *See Febres v. Challenger Caribbean Corporation,* 214 F.3d 57 (1st Cir.2000); *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). A defendant's only recourse under this test was to show an independent ground for firing the employee.

If, on the other hand, plaintiff asserted only circumstantial evidence of age dis-

crimination, then a burden shifting analysis was applied under the *McDonnell Douglas* test. *See Feliciano De La Cruz v. El Conquistador Resort and Country Club,* 218 F.3d 1 (1st Cir.2000); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In this situation, plaintiff was required to put forward a prima facie case, and if the defendant responded with a legitimate reason for dismissing the employee, plaintiff was required to present sufficient evidence to raise an issue of fact as to whether defendant's stated reason was a pretext.

Choosing the more appropriate of these two tests was often difficult because "[i]n many cases the line between McDonnell Douglas, on the one hand, and Price Waterhouse, on the other hand, [was] blurred." *Dominguez–Cruz v. Suttle Caribe,* 202 F.3d 424, 429 (1st Cir.2000). This difficulty arose because it was often hard to draw the line between "direct" and "circumstantial" evidence.

For example, in this case, plaintiff has claimed that he was asked several times regarding his plans to retire. *See* Plaintiff's Statement of Disputed and Undisputed Facts at 8–9. Although evidence of a statement regarding age is often treated as direct evidence, in this case plaintiff has thus far proffered no admissible evidence indicating that these statements were made with animus based on plaintiff's age or by people who were decision makers at Tanner as to that issue. In reality, the evidence plaintiff relies on is evidence of statements that on their face are no more than isolated and legitimate inquiries regarding Mr. Wallace's future plans, or inquiries regarding the employment future of Mr. Mercer and whether Mercer was going to be able to fill Wallace's position in the not too distant future. The Court of Appeals for the First Circuit has stated that, "[a]n employer may legitimately inquire about an employee's plans so that it can prepare to meet its hiring needs". *Greenberg v. Union Camp Corporation,* 48 F.3d 22, 28–29 (1st Cir.1995). Nothing more than this type of inquiry has been proffered here by plaintiff.

The same problem taints the evidence proffered to show that Mr. Wallace's age was discussed at the meeting in which he was fired. *See* Plaintiff's Statement of Disputed and Undisputed Facts at 19. Plaintiff proffers no admissible evidence that would be sufficient to support a finding of fact that the mention of Mr. Wallace's age was a statement of animus. Defendant argues persuasively that age was mentioned solely because defendants feared Mr. Wallace was litigious and would sue for age discrimination. *See* Memorandum in Support at 8. Even after all inferences are drawn in plaintiff's favor, the proffered evidence does not support a finding of fact that Mr. Wallace's age contributed to his firing in any way other than legitimate planning.

Although courts ordinarily have analyzed the type of evidence presented here (allegedly discriminatory statements regarding age) under the "mixed motive" test, plaintiff contends that he is entitled to proceed under a "pretext" test if he wishes to do so. He asserts that circumstantial evidence is sufficient to meet his burden under the "pretext" test. Under this test, however, a plaintiff must still state an appropriate underlying claim for age discrimination. Here, plaintiff's own proffered evidence identifies a permissible reason for his dismissal, namely the need to advance a rising star in the company. The identification of this permissible reason for termination also undermines another important element of a prima facie case under the *McDonnell Douglas* test, namely that "the employer sought someone of roughly equivalent qualifications to per-

form substantially the same work." *Feliciano De La Cruz* at 5. In this case, the employer knew exactly who was to replace Mr. Wallace, and it was an individual that Mr. Wallace admits "had performed quite well and was well regarded by Tanner." *See* Docket No. 34 at 8. This circumstance also undermines any pretext argument that the plaintiff asserts.

 Given all these characteristics of the record before us, I conclude that it is appropriate to apply the "totality of the evidence" test to the claims asserted by plaintiff. *Dominguez–Cruz* at 429-30. This test permits a court to look beyond the formal categories of direct and circumstantial evidence and focus on whether plaintiff has presented any admissible evidence that could support a finding of fact that age discrimination accounted for the termination. Applying this test, I conclude that summary judgment is appropriate because plaintiff has not advanced admissible evidence sufficient to support a finding of fact that Mr. Wallace was terminated because of his age.

Most telling is Mr. Wallace's contention, stated above, to the following effect:

Tanner very much wanted to retain Mr. Mercer, and repeatedly asked Mr. Wallace when he was going to retire, in an effort to make room for Mr. Mercer. Mr. Wallace said he intended to stay at Tanner until age 65. Mr. Mercer did not wish to leave New England and thus Tanner feared it would lose him unless it got rid of Mr. Wallace.

Memorandum in Support at 4. *See also* Plaintiff's Statement of Disputed and Undisputed Facts (Docket No. 34) at 8–9.

This statement is an essential part of Mr. Wallace's argument. It is an inappropriate ground to find age discrimination by Tanner. It is legally permissible in an at-will relationship for Tanner to fire Mr. Mercer because Tanner does not want to lose another valued employee. Mr. Wallace states that only one sales manager position was available and that Tanner wished to give it to Mr. Mercer to keep him with the company. Mr. Wallace does not proffer admissible evidence sufficient to support a finding that he was fired because of his age. Even if the court were to disregard defendant's alleged reason for termination (that Mr. Wallace had been spending up to 80% of his time working on a real estate transaction instead of Tanner business) Tanner could still terminate Wallace because Tanner preferred Mr. Mercer for the job of sales manager.

### III. State Claim

Plaintiff also asserts a state law claim arising under Massachusetts General Laws, Chapter 151B, § 4(1B). This section states that it is unlawful,

For an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

M.G.L., Chapter 151B, § 4(1B).

This claim was not fully briefed by either party. The lack of a proffer of admissible evidence sufficient to support any claim of age discrimination leads the court to conclude that summary judgment is appropriate on this state law claim as well.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion for Summary Judgment is ALLOWED.

(2) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

Judgment for defendants, with costs.